UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
DOUGLAS R. MILLER
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7770
MDD_DRMChambers@mdd.uscourts.gov

February 6, 2026

LETTER TO ALL COUNSEL OF RECORD

Re:   *Lauren E. v. Frank Bisignano, Commissioner, Social Security Administration*[1]
      Civil No. 8:24-cv-03065-DRM

Dear Counsel:

On October 22, 2024, Plaintiff Lauren E. ("Plaintiff") petitioned this Court to review the Social Security Administration's ("SSA's" or "Commissioner's" or "Defendant's") final decision to deny Plaintiff's claim for Social Security benefits. ECF No. 1. This case was then referred to Magistrate Judge Charles Austin with the parties' consent before being transferred to the undersigned. *See* 28 U.S.C. § 636; Loc. R. 301 (D. Md. 2025). I have considered the record in this case (ECF No. 8) and the parties' briefs (ECF Nos. 12, 14 and 15). I find that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2025). The Court must uphold the decision of the SSA if it is supported by substantial evidence and if the SSA employed proper legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will REVERSE the Commissioner's decision, and REMAND the case to the Commissioner for further consideration. This letter explains why.

I.   **PROCEDURAL BACKGROUND**

Plaintiff filed a Title XVI application for Supplemental Security Income ("SSI") benefits on April 10, 2021, alleging a disability onset of November 25, 2020. Tr. 17, 19. Plaintiff's claims were denied initially and on reconsideration. Tr. 60, 82-89. On April 9, 2024, an Administrative Law Judge ("ALJ") held a hearing. Tr. 14-31. Following the hearing, on May 23, 2024, the ALJ determined that Plaintiff was not disabled within the meaning of the Social Security Act[2] during the relevant time frame. Tr. 14-31. The Appeals Council denied Plaintiff's request for review, Tr.

---

[1] Plaintiff filed this case against Martin O'Malley, the Commissioner of Social Security on October 22, 2024. ECF No. 1. Frank Bisignano became the Commissioner of Social Security on May 7, 2025. Accordingly, Commissioner Bisignano has been substituted as this case's Defendant pursuant to Federal Rule of Civil Procedure 25(d). *See* Fed. R. Civ. P. 25(d).

[2] 42 U.S.C. §§ 301 et seq.

1-6, so the ALJ's decision constitutes the final, reviewable decision of the SSA, *Sims v. Apfel*, 530 U.S. 103, 106–07 (2000); *see also* 20 C.F.R. § 422.210(a).

## II.     THE ALJ'S DECISION

Under the Social Security Act, disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months[.]" 42 U.S.C. § 423(d)(1)(A); 20 C.F.R. §§ 404.1505(a), 416.905(a). The ALJ is required to evaluate a claimant's disability determination using a five-step sequential evaluation process. *See* 20 C.F.R. §§ 404.1520, 416.920. "Under this process, an ALJ evaluates, in sequence, whether the claimant: '(1) worked during the alleged period of disability; (2) had a severe impairment; (3) had an impairment that met or equaled the requirements of a listed impairment; (4) could return to [their] past relevant work; and (5) if not, could perform any other work in the national economy.'" *Kiser v. Saul*, 821 F. App'x 211, 212 (4th Cir. 2020) (citation omitted) (quoting *Hancock v. Astrue*, 667 F.3d 470, 472 (4th Cir. 2012)).

Here, at step one, the ALJ determined that Plaintiff "has not engaged in substantial gainful activity since April 10, 2021, the application date[.]" Tr. 19. At step two, the ALJ found that Plaintiff suffered from the severe impairments of "obesity, cervicomedullary syndrome, neuropathy, headaches/migraines, POTS/dysautonomia, Atlanto-Axial instability ('AAI'), ADHD, major depressive disorder, borderline personality disorder, anxiety disorder, adjustment disorder, and autism spectrum disorder." Tr. 19. The ALJ also determined that Plaintiff suffered from the non-severe impairments of "'benign' scalp nervus." Tr. 19. At step three, the ALJ determined that Plaintiff "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1[.]" Tr. 20. Despite these impairments, the ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to:

> perform light work as defined in 20 CFR 416.967(b) except the claimant can occasionally climb ramps and stairs. She can never climb ladders, ropes, or scaffolds. She can occasionally balance, stoop, kneel, crouch, and crawl. She can never be exposed to hazards. She can be exposed to lights no brighter than a typical office setting level, with no flashing or strobe lights. She can tolerate noise no louder than a typical office setting level (moderate noise). She can frequently finger, handle, and reach with the bilateral upper extremities. She can understand, remember, and carry out simple instructions, not at a production pace. She can perform simple work-related decisions. She can tolerate few changes in a routine work setting. She can frequently interact with supervisors and co-workers. She can perform occasional tandem work. She can have occasional interaction with the public.

Tr. 21. The ALJ determined that Plaintiff had no past relevant work, but, based in part on the testimony of a vocational expert, could perform the duties of a Non-Postal Mail Clerk (DOT[3] # 209.687-026), Office Helper (DOT # 239.567-010), and Sorter (DOT # 222.687-014), which were other jobs that existed in significant numbers in the national economy. Tr. 26. Therefore, the ALJ concluded that Plaintiff was not disabled. Tr. 27.

### III.  LEGAL STANDARD

The scope of the Court's review is limited to determining whether substantial evidence supports the ALJ's factual findings and whether the decision was reached through the application of the correct legal standards. *See Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987). "The findings of the [ALJ] . . . as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g). Substantial evidence is "evidence which a reasoning mind would accept as sufficient to support a particular conclusion." *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966). It is "more than a mere scintilla of evidence but may be somewhat less than a preponderance." *Id.* In conducting the "substantial evidence" inquiry, my review is limited to whether the ALJ analyzed the relevant evidence and sufficiently explained their findings and rationale in crediting the evidence. *See, e.g.*, *Sterling Smokeless Coal Co. v. Akers*, 131 F.3d 438, 439–40 (4th Cir. 1997); *DeLoatche v. Heckler*, 715 F.2d 148, 150 (4th Cir. 1983) ("Judicial review of an administrative decision is impossible without an adequate explanation of that decision by the [ALJ].").

### IV.  ANALYSIS

Plaintiff raises two arguments on appeal. First, that Plaintiff's residual functional capacity was improperly determined by the ALJ through misapplication of the correct legal standards and is unsupported by substantial evidence. ECF No. 12 at 7. Second, that the ALJ erred by setting forth an inadequate phrase in a hypothetical to the vocational expert ("VE"), which further "infected" the ALJ's RFC and step-five determinations, rendering the decision unsupported by substantial evidence. ECF No. 12 at 14. Defendant counters that the phrase used by the ALJ is sufficiently clear to permit judicial review, that the ALJ set forth an adequate hypothetical to the vocational expert which did not infect the ALJ's RFC, and that case law cited by Plaintiff is distinguishable from the facts in this matter. ECF No. 14 at 6-17.

The Court finds merit in Plaintiff's second argument, specifically that the ALJ put forth an inadequate hypothetical to the vocational expert that infected the ALJ's RFC analysis. ECF No. 12 at 14. As a preliminary matter, while an ALJ has great latitude in posing hypothetical questions,

---

[3] The "DOT" is the Dictionary of Occupational Titles. "The *Dictionary of Occupational Titles*, and its companion, *Selected Characteristics of Occupations Defined in the Revised Dictionary of Occupational Titles* ["SCO"]. . . , are [SSA] resources that list occupations existing in the economy and explain some of the physical and mental requirements of those occupations. U.S. Dep't of Labor, *Dictionary of Occupational Titles* (4th ed. 1991); U.S. Dep't of Labor, *Selected Characteristics of Occupations Defined in the Revised Dictionary of Occupational Titles* (1993)." *Pearson v. Colvin*, 810 F.3d 204, 205 n.1 (4th Cir. 2015).

*Lauren E. v. Bisignano*
Civil No. 8:24-cv-03065-DRM
February 6, 2026
Page 4

a vocational expert's opinion is only relevant when it is formulated in response to a proper hypothetical question. *See, e.g., Russell v. Barnhart*, 58 F. App'x 25, 30 (4th Cir. 2003); *Walker v. Bowen,* 889 F.2d 47, 50-51 (4th Cir. 1989).

> The hypothetical at issue here provided in relevant part as follows:
>
> [P]lease assume an individual who is able to perform light work, occasional[ly] climb ramps and stairs, never climb ladders, ropes, or scaffolds, occasionally balance, stoop, kneel, crouch, or crawl. Please assume the individual cannot tolerate exposure to hazards, such as moving machinery or unprotected heights. Is able to tolerate occasional exposure to extreme heat, extreme cold, humidity, wetness, fumes, odors, dust, gases, or ventilation, vibrations. Please assume an individual is able to finger, handle, and reach frequently and understand, remember, and carry out simple instructions. *Cannot work at a production pace as defined in the SCO.* Is able to make simple, work-related decisions, tolerate few changes in a routine work setting. Please assume the individual is able to frequently interact with supervisors and coworkers but can only occasional[y] work in tandem, meaning directly with others or in team work. Not referring to proximity to others. And that the individual can occasional[y] interact with the public. The individual is able to tolerate exposure lights no brighter than a typical office setting level and noise no louder than a typical office setting level, meaning moderate noise.

Tr. 53 (emphasis added). The RFC, quoted *supra*, used similar but not identical language, including, "[s]he can understand, remember, and carry out simple instructions, not at a production pace." Tr. 21.

Phrases similar to "production pace" in RFCs and VE hypotheticals, where not further explained, have frequently resulted in remand because they preclude meaningful judicial review or result in a VE opinion based on undefined terms. In *Thomas v. Berryhill*, 916 F.3d 307 (4th Cir. 2019), the Fourth Circuit found that an ALJ's RFC limitation excluding work that "require[d] a production rate or demand pace" prevented meaningful judicial review because the ALJ failed to explain what those phrases meant. With "production rate" and "demand pace" left undefined, the court concluded that it was "difficult, if not impossible" to determine whether the RFC finding was supported by substantial evidence. Without deciding whether the RFC itself was substantively correct, the court remanded for "a clearer window into" the ALJ's reasoning. *Thomas,* 916 F.3d at 312 n.5. The panel emphasized that, on remand, the ALJ must clarify for how long and under what conditions the claimant could sustain focus and remain on task. *Id.*

Similarly, in *Perry v. Berryhill*, 765 F. App'x 869, 872 (4th Cir. 2019), the court remanded where "the ALJ offered no explanation of her own for what she meant when she used the phrase 'non-production oriented work setting' in assessing Perry's residual functional capacity" because it left the court "uncertain as to what the ALJ intended," and unable to "meaningfully assess whether there is a 'logical bridge' between the evidence in the record and the ALJ's conclusion." *Id.* at 872 (citations omitted). *See, e.g., Keith B. v. Saul*, No. 19-803-GLS, 2020 WL 3439261, at *3-4 (D. Md. June 23, 2020) (remanding case where ALJ made use of term "no production pace

work" in hypothetical to VE and in RFC); *Nora P. v. Comm'r Soc. Sec.*, No. SAG-18-1604, 2019 U.S. Dist. LEXIS 68383, at *4-5 (D. Md. Apr. 23, 2019) (remand warranted where RFC failed to define phrase "no fast pace or strict production requirements.")

By contrast, the Fourth Circuit in *Perry* distinguished its prior holding in *Sizemore v. Berryhill*, 878 F.3d 72, 80-81 (4th Cir. 2017), which held that an "ALJ had adequately explained a residual functional capacity assessment that restricted the claimant, in part, to 'non-production jobs.'" The *Perry* court explained that

> in contrast to this case and to *Thomas*, the ALJ in *Sizemore* provided additional context, explaining that the claimant could perform work only in a "low stress" setting, without any "fast-paced work" or "public contact," to account for moderate limitations in concentration, persistence and pace. . . . Those descriptors helped to explain the restriction intended by the ALJ, and allowed us to evaluate whether that restriction adequately accounted for the claimant's limitations.

*Perry*, 765 F. App'x at 872, n1. *Accord*, *Ricky F. v. O'Malley*, No. 1:23CV720, 2024 WL 4333136, *5 (M.D.N.C. Sept. 27, 2024).

Defendant argues that the VE hypothetical here is more akin to that in *Sizemore* and *Ricky F.*, and therefore "offers sufficient context to remove any ambiguity related to the limit for fast-paced production." ECF No. 14 at 10. Judge Boardman rejected a similar argument in *Steven S. v. Comm'r., Soc. Sec. Admin.*, No. DLB-19-1055, 2020 WL 1929628 (D. Md. April 21, 2020):

> Here, the RFC did not contain the "descriptors" present in *Sizemore*. Rather, the RFC limitation to "simple and routine tasks in a setting with only occasional and superficial changes and no production pace work," Tr. 15, is directly analogous to the RFC limitation in *Thomas* where the claimant was limited to the ability to "follow short, simple instructions and perform routine tasks, but no work requiring a production rate or demand pace."

*Id.* at *2 (quoting *Thomas*, 916 F.3d at 310.)

Similarly, the Court finds here that the limitations described in the RFC and the VE hypothetical are more akin to those in *Thomas* than those in *Sizemore*. As a result, "this Court cannot determine whether the ALJ's findings were supported by substantial evidence without an explanation of the terms "production pace work." *Stephen S.*, 2020 WL 1929628 at *3 (citing *Thomas*, 916 F.3d at 312.)

Moreover, "[t]he Court cannot decisively say that, had the ALJ defined or explained the term 'production pace work,' the VE would have identified the same, or any, positions that the hypothetical person could perform." *Stephen S.*, 2020 WL 1929628 at *3. *See Patterson v. Comm'r, Soc. Sec. Admin.*, 846 F.3d 656, 658 (4th Cir. 2017) ("Where an insufficient record precludes a determination that substantial evidence supported the ALJ's denial of benefits, this court may not affirm for harmless error.")) *See also Taishika C. v. Saul*, No. DLB-19-1994, 2020

*Lauren E. v. Bisignano*
Civil No. 8:24-cv-03065-DRM
February 6, 2026
Page 6

WL 2994487, at *4 (D. Md. June 4, 2020) (unable to find harmless error where ALJ did not define or explain terms "fast pace or strict production requirements" in hypothetical and RFC.)

The Court will therefore remand this case to allow the ALJ to clarify the RFC assessment and the hypothetical to the vocational expert, in order to establish that the vocational expert's testimony constitutes substantial evidence supporting the ALJ's conclusion on step five. *See Nora P.*, 2019 U.S. Dist. LEXIS 68383, at *5.  Because the case is being remanded on the grounds described above, I need not address Plaintiff's other arguments.  On remand, the ALJ is welcome to consider these arguments and make any required adjustments to the opinion. Additionally, in remanding for further explanation, the Court expresses no opinion as to whether the ALJ's conclusion that Plaintiff is not entitled to benefits is correct.

## V.     **CONCLUSION**

For the reasons set forth herein, and pursuant to sentence four of 42 U.S.C. § 405(g), the SSA's judgment is REVERSED due to inadequate analysis.  The case is REMANDED for further proceedings in accordance with this opinion.  The clerk is directed to CLOSE this case.

Despite the informal nature of this letter, it should be flagged as a Memorandum Opinion. A separate implementing Order follows.


                                        Sincerely,

                                        /s/

                                        Douglas R. Miller
                                        United States Magistrate Judge